### STARR et ux. v. DE LASHMUTT et al

(Circuit Court. D. Oregon. November 12, 1896.)

No. 2,147.

1. DEEDS—CONFIDENTIAL RELATIONS—BURDEN OF PROOF.
   When a deed is attacked on the ground of fraud in the grantee, by taking advantage of confidential relations between himself and the grantor, and the answer admits such relations, the burden is upon the grantee to show that the grantor was not influenced by these relations in making the deed.

2. SAME—PLEADING.
   When confidential relations between the parties to a conveyance are admitted in a suit to set the same aside, the grantee cannot deny knowledge, information, or belief as to whether the grantor yielded to his solicitations or directions; nor is it enough to say that the grantor was in need of ready money, which the grantee advanced, and that the deed was executed without fraud, duress, or undue influence. The answer must set forth facts going to show that the deed did not result from such confidential relations, and it should also appear that the grantor had independent advice.

M. L. Pipes, for plaintiffs.
W. L. Perry, for defendants.

BELLINGER, District Judge. The question for decision in this case arises upon the exceptions to the answer of Van B. De Lashmutt and wife to the cross bill of Starr and wife. De Lashmutt and wife, from whom the German Savings & Loan Society obtained a mortgage to the premises in controversy, took their title from Bridget Lavin, the mother of the defendant William L. Starr, and from whom he claims. Starr and wife, in their complaint, undertake to impeach the conveyance of their ancestor to De Lashmutt, by alleging that she was insane at the time of said conveyance, and that said De Lashmutt, theretofore, and at that time, and thereafter, until the death of the said Bridget Lavin, was the agent and confidential adviser of said Bridget, and as such agent and confidential adviser took advantage of her, and that her said deed was the result of the undue influence and fraud practiced upon her by the said De Lashmutt. To this complaint De Lashmutt and wife, among other things, say:

"That they do not know and cannot set forth, as to their belief or otherwise, whether or not, at the said time, or in doing the said acts averred in said cross bill, the said Lavin had great, or any, confidence in this defendant Van B. De Lashmutt, or reposed confidence in him on account of the con-

fidential relations said defendant sustained to her, as averred in said cross bill, in the management of her property or business affairs, or as to whether or not, at said time, or in so doing, she yielded to the persuasions or solicitations or directions so fraudulently, as alleged, made by said Van B. De Lashmutt, on account of or by reason of her said alleged confidence in him or his said alleged influence over her."

The answer also alleges as follows:

"And in connection with the alleged fraudulent transactions of this defendant Van B. De Lashmutt, in the matter of the said deed, and his alleged fraud and undue influence upon said Lavin in the procurement of the execution, acknowledgment, delivery, and recording thereof, and the absence of any consideration therefor, these defendants allege the fact to be, and would show unto your honors as follows: That for some time prior to the date of the said deed this defendant Van B. De Lashmutt had been the agent of said Bridget Lavin in the matter of the care and management of her real property in the city of Portland, including the real property described in the cross bill; that, in pursuance of said employment, said defendant had collected the rents and profits of said real property, and had incurred disbursements on account of the same, and had from time to time advanced various sums of money to the said Bridget Lavin; that, at the date of the said deed, the state of the account between said defendant and said Lavin was such that she was indebted to said defendant in the amount of five thousand and eight hundred dollars ($5,800.00); that at the date of said deed said Bridget Lavin was in pressing need of ready money, and that to supply her necessities said defendant, on or about that date, advanced to said Lavin the sum of four thousand and two hundred dollars ($4,200.00), and at said date the said Lavin, in consideration of said advances, and the settlement of said balance due from her to this defendant, executed and delivered to said defendant the deed referred to in said cross bill; that at said date said Lavin was in full possession of her mental faculties, and fully understood the fact and effect of said settlement and of said deed; that she freely and voluntarily executed, acknowledged, and delivered the same; and that no fraud or duress or undue influence was used by said defendant to procure or induce her to do so."

Starr files exceptions to these portions of the answer. The answer having admitted the confidential relations alleged between De Lashmutt and Bridget Lavin, any conveyance from the latter to the former is presumptively invalid. The single circumstance of these relations is sufficient to cast the burden upon De Lashmutt of showing to the satisfaction of the court that Bridget Lavin was not influenced by these relations in making the deed to De Lashmutt. It is not enough to state the conclusion that the transaction was fair and free from the fraud imputed to it. Facts and circumstances must be stated which will relieve the transaction of any imputation growing out of the relations existing between the parties. The rule is well stated in Tate v. Williamson, L. R. 1 Eq. 528, cited in a note to section 956, Pom. Eq. Jur., in these words:

"I take it to be a well-established principle of this court that persons standing in confidential relation towards others cannot entitle themselves to hold benefits which those others may have conferred upon them, unless they can show, to the satisfaction of the court, that the persons by whom the benefits have been conferred had competent and independent advice in conferring them."

Mr. Pomeroy, in the section referred to, says that it is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fiduciary relation exists as a fact, in which there is confidence reposed on one side, and the resulting superiority and influence on the other. The relation and the duties

involved in it need not be legal; it may be moral, social, domestic, or merely personal.

In this case the confidential relations alleged in the complaint are admitted in the answer of De Lashmutt. He cannot say that he does not know, and cannot set forth as to his belief, whether Bridget Lavin, in executing her deed to him, yielded to his persuasions or solicitations or directions, as alleged; nor can he say that he is without belief or information as to whether that deed was the result of her confidence in him or of his influence over her. He must know that this relation did not induce the deed, and, as already stated, he must set forth the facts and circumstances which go to show that such deed did not result from the confidential relations existing between him and his grantor. It is not enough to say that she was in pressing need of ready money, and that she was in full possession of her mental faculties, and fully understood the fact and effect of said settlement and of said deed, and that she freely and voluntarily executed and acknowledged the same, and that there was no fraud, duress, or undue influence. She may have been in the full possession of her mental faculties, and she may have fully understood the fact and effect of the alleged settlement and of the deed, and she may have freely and voluntarily executed the same, and yet her mind may have been subordinated to the influence of her confidential agent, whose advice she had been accustomed to take, and whose judgment she had trusted, as is presumed from their long relations in business, and from her habit of allowing him the full conduct of her business and the management of her property. Such is the presumption from the relation existing, and this presumption must be overcome by showing that she acted independently of him, and of any advice or suggestion of his. In short, it should appear that she had independent advice in the transaction, which resulted in this conveyance.

The exceptions to the answer are allowed.